The other Justices concurred.

---

## Hector St. Denis v. Henry G. Saunders and another.

*Referees: Finding of facts: Partnership.* All conclusions of fact found by a referee are conclusive in a court of review; and his finding that defendants were not partners, can only be disturbed if the facts found by him necessarily created a partnership.

*Partnership: Finding of referee: Inferences.* And if there was no partnership in fact, the effect of the apparent indications, if warranting any inference, would raise an inference of fact, and where the referee has drawn his own inferences of fact, they cannot be disturbed on review.

*Partnership: Cutting cedar posts on shares.* Where one owning lands makes an arrangement with another to cut and run the cedar posts on the lands at his own expense on shares, the latter receiving half the posts and paying all the cutting expenses, these expenses cannot be regarded as partnership expenses, nor is the business such as to authorize any necessary inference of partnership.

*Submitted on briefs April 11. Decided April 24.*

Error to Kent Circuit.

*Taggart & Wolcott,* for plaintiff in error, cited: *Story on Part.,* §§ 37, 53-61; *Leggett v. Hyde, 58 N. Y., 275; Hinman v. Littell, 23 Mich., 484; Ex parte Hamper, 17 Ves., 404; Ex parte Rowlandson, 1 Rose, 91.*

36 MICH.—47.

*J. W. & O. C. Ransom*, for defendants in error, cited: *Pipp v. Reynolds*, 20 *Mich.*, *88; Turner v. McCarthy*, 22 *Mich.*, 265; *Story on Part.*, §§ 30, 32, 34, 36, 41-9; *Chase v. Barrett*, 4 *Paige*, 149; *Manhattan, etc., Co. v. Sears*, 45 *N. Y.*, 797.

Campbell, J:

St. Denis and his wife were engaged to do work at a lumbering camp under employment by Cardinal, who represented that he and Saunders were partners.    When their work was done, Cardinal gave St. Denis a personal order on Saunders to pay the amount and charge it to his account. Saunders did not pay it, and said he had no funds belonging to Cardinal.    Suit is now brought against them as partners.    The referee, whose report was confirmed, made a finding of facts and concluded there was no partnership. It is claimed his conclusions were wrong.

As we must accept all of his conclusions of fact, we can only disturb this finding if the facts found necessarily created a partnership.    They were, so far as bearing on any legal question, as follows.    Some from which inferences might possibly have been allowable must be disregarded, as the referee has drawn his own inferences.

Saunders owned land from which he wished to get off the cedar posts.    He agreed with Cardinal upon the following terms: *First*, Saunders was to pay for and own half of the camp furniture and bedding, which Cardinal was to take care of.    *Second*, he was to furnish outfit and goods and supplies and articles of clothing necessary for the men, for which Cardinal was to bear the entire expense, to be refunded with interest at ten per cent., as hereinafter mentioned.    *Third*, Cardinal was to cut, run, and boom the posts, and Saunders was to pay half of the expense of booms and booming ground and of marketing expenses. *Fourth*, out of the sales Saunders was to have half of the gross proceeds, and to be repaid the advances before mentioned, with interest.    Cardinal was to have the remainder. In brief, Cardinal was to cut and run the posts at his own

expense on shares, receiving half the posts and paying all the cutting expenses.

Under these circumstances we do not see that the cutting expenses could be regarded as partnership expenses; nor is the business such as to authorize any necessary inference of partnership, when the whole was done on the ground by Cardinal. But if there was no partnership in fact, the effect of the apparent indications, if warranting any inference, could not make it in such a case as this anything but an inference of fact, which we cannot review.

We think, therefore, that there is no legal reason for disturbing the judgment, which must be affirmed, with costs.

The other Justices concurred.